William McKINNEY, Plaintiff–
Appellant,

v.

Pat ANDERSON, Carol Ployer, H.L.
Whitley, George W. Sumner, John
Nye, Defendants–Appellees.

No. 89–16589.

United States Court of Appeals,
Ninth Circuit.

March 27, 1992.

Before BROWNING, PREGERSON and
TROTT, Circuit Judges.

William McKinney, a Nevada state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. This court affirmed in part, reversed in part, and remanded. *McKinney v. Anderson*, 924 F.2d 1500 (9th Cir.), *vacated and remanded sub nom., Helling v. McKinney*, — U.S. —, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991). Anderson appealed our decision. The Supreme Court granted certiorari, vacated the judgment, and remanded the case for further consideration in light of its decision in *Wilson v. Seiter*, — U.S. —, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). *Helling v. McKinney*, — U.S. —, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991). We reinstate our decision and remand for further proceedings consistent with it and with *Seiter*.

In *McKinney* we held that it is cruel and unusual punishment to house a prisoner in an environment that exposes him to environmental tobacco smoke ("ETS") at such levels and under such circumstances that it poses an unreasonable risk of harm to his health. *McKinney*, 924 F.2d at 1503–1504. We reversed and remanded for further proceedings on McKinney's Eighth Amendment claim to allow him an opportunity to present evidence on the level and degree of his exposure to ETS and on whether that degree of exposure is sufficient to create an unreasonable risk of harm to his health. *Id.* at 1509. Although we held that McKinney had stated a cause of action for injunctive relief, we found that he was not entitled to damages on that cause of action because the defendants were entitled to qualified immunity as a matter of law. *Id.* We also held that Nevada's anti-smoking law applies to prison libraries and remanded for further equitable proceedings. *Id.* at 1510.

We affirmed the directed verdict for the defendants' on the issue of their alleged deliberate indifference to McKinney's serious existing medical needs. *Id.* at 1511. We also affirmed the denial of McKinney's motion for a trial transcript to be produced at the Government's expense. *Id.* at 1512.

On remand from the Supreme Court we are asked to consider the effect of *Seiter* on *McKinney*. The issue in *Seiter* was "whether a prisoner claiming that conditions of confinement constitute cruel and unusual punishment must show a culpable state of mind on the part of prison officials and, if so, what state of mind is required." *Seiter*, 111 S.Ct. at 2322. The Court held that "[i]f the pain inflicted is not formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify" as a violation of the Eighth Amendment. *Id.* at 2325. The Court held that the appropriate standard is "deliberate indifference." *Id.* at 2327. In reaching its decision, the Court discussed its previous decision in *Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The Court noted that its decision in *Rhodes* "turned on the objective component of an Eighth Amendment prison claim (was the deprivation sufficiently serious?), and ... did not consider the subjective component (did the officials act with a sufficiently culpable state of mind?)." *Seiter*, 111 S.Ct. at 2324. Thus, in *Seiter* the Court expands the requirements for an Eighth Amendment claim by adding a subjective component.

The Court's establishment in *Seiter* of a subjective component for an Eighth Amendment claim does not vitiate our determination of what satisfies the objective component. Our holding that it is cruel and unusual punishment to house a prisoner in an environment that exposes him to levels of ETS that pose an unreasonable risk of harming his health constitutes the objective component of McKinney's Eighth Amendment claim. *Seiter* simply adds another element to an Eighth Amendment claim that McKinney must prove.

In our opinion we agreed with the magistrate's ruling that directed a verdict on the issue of defendants' deliberate indifference to McKinney's serious existing medical symptoms. As McKinney points out, indifference to current medical problems is distinct from indifference to the problem of involuntary, long term exposure to unreasonable levels of ETS. Accordingly, we remand for further proceedings to determine whether the prison officials showed deliberate indifference to McKinney's long term exposure to ETS. We also repeat our recommendation that the district court appoint an expert witness or witnesses.

We reinstate the judgment of this court and remand for further proceedings consistent with this court's previous opinion and with *Seiter*. We understand that a local attorney in Reno, Nevada has agreed to represent McKinney in district court proceedings. If this does not prove to be the case we also repeat our recommendation that the district court appoint an attorney to represent McKinney.

REINSTATED AND REMANDED.