966 F.2d 1456
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jerry R. MOTT, Plaintiff-Appellant,
v.
STATE of Indiana, Indiana Department of Corrections, Jack R.
Duckworth, Warden, et al., Defendants-Appellees.
 No. 91-2141.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 8, 1992.*
Decided June 9, 1992.
 
 Before BAUER, Chief Judge, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Jerry Mott is an inmate incarcerated at the Westville Correctional Center (WCC) in Indiana. He has filed this civil rights action under 42 U.S.C. § 1983, alleging that the failure of Indiana prison officials to designate non-smoking living quarters at the WCC subjects him to cruel and unusual punishment under the Eighth Amendment, and violates his due process right under the Fourteenth Amendment.[1] He alleges that he suffers from coughing, headaches, dizziness and chest pains caused by the constant exposure to second-hand smoke. He further alleges that exposure to second-hand smoke threatens his life and longevity. Mr. Mott seeks both damages and declaratory relief. The district court granted the defendants' motion to dismiss. The district court held that the claims against the State of Indiana and the defendants in their official capacities were barred by the Eleventh Amendment. With respect to the claims against the defendants in their individual capacities, the district court found no constitutional violation.[2] We affirm.
 
 
 2
 The district court was correct in dismissing the claims against the State of Indiana and the defendants in their official capacities pursuant to the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 279-78 (1986); Santiago v. Lane, 894 F.2d 218, 220 n. 3 (7th Cir.1990).
 
 
 3
 As to the Eighth Amendment claims, this case is governed by Steading v. Thompson, 941 F.2d 498 (7th Cir.1991), cert.denied, 112 S.Ct. 1206 (1992), in which this Court held that the failure of prison officials to establish a smoke-free environment for those inmates who sought to be free from exposure to tobacco smoke did not amount to cruel and unusual punishment under the Eighth Amendment. Like the plaintiff in Steading, Mr. Mott does not allege that the defendants are indifferent to his own serious medical needs, but instead that they are indifferent to the generalized harms of second-hand smoke. This does not establish the "punishment" that the Eighth Amendment forbids. Id. at 500. See also Gorman v. Moody, 710 F.Supp. 1256, 1260-62 (N.D.Ind.1989) which holds that exposure to second-hand smoke at the WCC (the same prison of which Mr. Mott complains) does not violate the Eighth Amendment. But see McKinney v. Anderson, 924 F.2d 1500 (9th Cir.) (involuntary, long-term exposure to unreasonable levels of second-hand smoke may violate Eighth Amendment), vacated, 112 S.Ct. 291 (1991), reinstated and remanded, 959 F.2d 853 (9th Cir.1992).
 
 
 4
 Nor does the failure of Indiana prison officials to designate non-smoking living quarters violate due process. Mr. Mott cannot establish a protected liberty interest in being free from second-hand smoke. In Gorman v. Moody, the district court held that Indiana's Clean Indoor Air Law, Ind.Code § 13-1-13-1 et. seq., does not create such a liberty interest, and we agree with that court's conclusion. 710 F.Supp. at 1262-64.
 
 
 5
 For the foregoing reasons, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In his complaint, Mr. Mott refers to various other provisions of the Constitution, but only the Eighth and Fourteenth Amendment claims merit discussion
 
 
 [2]
 In the alternative, assuming a constitutional violation, the district court found the defendants were entitled to qualified immunity. Given our disposition of this case, we need not address this issue