977 F.2d 571
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Rodgers BURNLEY, Plaintiff-Appellant,
v.
R. L. SUTHARD; W. F. Corvello; W. A. Garrett; Department
of Virginia State Police; Division of Risk Management;
Valerie D. Rasheed; Doctor Sprague; Connie Puckett; Paul
B. Ferrara; Ted Durr; Officer Haga; Officer Kegly;
Officer Strock; Captain Waddle; Nurse Smith; Nurse Kelly;
Kenneth M. Wingfield; Sergeant Williams; C. Perdue;
Patricia Huffman; W. D. Blankenship; Jimmy L. Hylton;
Karen Polinsky; Doctor Amonette; Doctor Walker; Joseph
Hunnard; Betty Lane; R. L. Chewning; David L. Smith,
Warden; J. Ward; Troy Williams; Officer Looney; B. M.
Allen; Doctor Quinones; Doc Central Pharmacy, Defendants-Appellees,
and OFFICER ENOCH, Defendant.
 No. 92-6514.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 22, 1992
Decided: October 16, 1992
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-91-304)
 John Rodgers Burnley, Appellant Pro Se.
 William W. Muse, Assistant Attorney General, George Walerian Chabalewski, Gail Y. Branum Carr, Office of the Attorney General of Virginia, Richmond, Virginia; Richard Edward Ladd, Jr., PENN, STUART, Eskridge & Jones, Abingdon, Virginia, for Appellees.
 W.D.Va.
 Affirmed.
 Before WILKINS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 John Rodgers Burnley appeals from the district court's order denying relief under 42 U.S.C. § 1983 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Burnley v. Suthard, No. CA-91-304 (W.D. Va. Apr. 24, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 One of Burnley's claims involved exposure to environmental tobacco smoke. The Supreme Court has recently granted certiorari on the question of whether compelled exposure to environmental tobacco smoke may state an Eighth Amendment claim. Helling v. McKinney, 959 F.2d 853 (9th Cir.), cert. granted, 112 S. Ct. 3024 (1992). Because no clearly established right is involved, Defendants here are entitled to qualified immunity with respect to the environmental tobacco smoke issue. See Harlow v. Fitzgerald, 457 U.S. 800, 815-16 (1982). Therefore, because Burnley prayed only for monetary damages, the claim was properly dismissed