985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tom REISCHMANN, Plaintiff-Appellant,
v.
Samuel A. LEWIS, et al., Defendants-Appellees.
 No. 92-15890.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 5, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Tom Reischmann appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 civil rights action. Reischmann contends that state prison officials violated his eighth and fourteenth amendment rights when they knowingly exposed him to tuberculosis by housing him with an infected inmate and failed to treat cysts and lumps on his back and ears. We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.
 
 
 3
 We review a district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any issues of material fact and whether the district court correctly applied the relevant law. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992).
 
 
 4
 * Deliberate Indifference
 
 
 5
 Prison officials violate a prisoner's eighth amendment right to be free of cruel and unusual punishment if they are deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Such indifference may be manifested in two ways. It may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992) (quotation omitted). The indifference must be substantial in order to establish an eighth amendment violation. Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.1986).
 
 
 6
 Reischmann contends that he became infected with tuberculosis and received inadequate medical treatment while incarcerated at the Arizona state prison. A review of the record, however, discloses that medical personnel routinely tested Reischmann for tuberculosis and took immediate action was on his behalf when he tested positive. Reischmann continuously received medication and medical examinations to treat his condition.
 
 
 7
 Reischmann contends that he will nevertheless develop tuberculosis, despite the opinion of prison medical officials who assert that Reischmann's medical treatment will make him immune from developing "chronic tuberculosis." At most, Reischmann has raised a difference of medical opinion regarding his treatment. "A difference of opinion does not amount to a deliberate indifference to [Reischmanns'] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).
 
 
 8
 There is no evidence in the record to suggest that the prison medical officials were deliberately indifferent to Reischmann's tuberculosis condition. We therefore affirm the district court's grant of summary judgment on this issue. See Alaska Airlines, 948 F.2d at 539.
 
 II
 Exposure to Tuberculosis
 
 9
 This court recently held that a prisoner's compelled exposure to secondary tobacco smoke may constitute cruel and unusual punishment if the exposure is at such levels and under such circumstances as to pose an unreasonable risk of harm to the prisoners health. See McKinney v. Anderson, 924 F.2d 1500, 1507-09 (9th Cir.), vacated and remanded, 112 S.Ct. 1291 (1991), reinstated and remanded, 959 F.2d 853 (9th Cir.1992).
 
 
 10
 In McKinney, the district court granted the defendant's motion for directed verdict, ruling that a prisoner can show a constitutional violation from involuntary exposure to cigarette smoke only by proving that the state was deliberately indifferent to his serious, immediate medical needs. Id. at 1503. This court held that the plaintiff did not need to show serious, immediate symptoms of illness. Id. We reversed and remanded for further proceedings to allow McKinney to present evidence concerning the level and the degree of his exposure to cigarette smoke and whether that degree of exposure was sufficient to create an unreasonable risk of harm to his health. Id.
 
 
 11
 In this case, the district court did not address the exposure issue. Moreover, it is unclear from the record whether the prisoner who shared a cell with Reischmann was infected with tuberculosis. Assuming that Reischmann's cellmate was infected with tuberculosis, it is equally unclear as to whether the defendants had knowledge of his condition.
 
 
 12
 Accordingly, we reverse and remand for further proceedings. Reischmann should be allowed an opportunity to present evidence on the level and degree of his exposure to tuberculosis and on whether that degree of exposure was sufficient to create an unreasonable risk of harm to his health. See id.
 
 
 13
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3