[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this habeas corpus action has filed a motion requesting the habeas court to appoint its own medical expert to review the petitioner's medical condition and history in conjunction with the petitioner's claim that the respondent is inadequately responding to the petitioner's health needs. The respondent opposes this motion.
The petitioner asserts that he is indigent, and his poverty will prevent him from hiring his own experts to testify at the habeas hearing. He argues that without the appointment of a medical expert by the court, the court will hear the one-sided testimony of the respondent's experts, who, the petitioner claims, cannot testify impartially because of their professional relationship with the respondent.
At oral argument, the petitioner repeatedly disavowed that he is requesting the habeas court to supply him with an expert witness. Rather, he contends that the court needs to exercise its power to appoint its own expert to assist the court in deciding this potentially, "complex" case. The petitioner relies on CT Page 11208-K Practice Book § 881 as authority for the habeas court to make such an appointment. Section 881 reads as follows:
 Whenever the judicial authority deems it necessary, on his own motion he may appoint any expert witnesses of his own selection. An expert witness shall not be appointed by the judicial authority unless the expert consents to act. A witness so appointed shall be informed of his duties by the judicial authority in writing, a copy of which shall be filed with the clerk, or he shall be informed of his duties at a conference in which the parties shall have an opportunity to participate. A witness so appointed shall advise the parties of his findings, if any, and may thereafter be called to testify by the judicial authority or by any party. He shall be subject to cross-examination by each party. The judicial authority may determine the reasonable compensation for such a witness and direct payment out of such funds as may be provided by law. This section shall not apply to appointments made pursuant to General Statutes § 54-40.
This section falls, of course, within the rules of practice which govern criminal cases. Habeas corpus cases are civil, and not criminal, in nature, Collins v. York, 159 Conn. 150, 153
(1970). The petitioner urges the court to overlook this distinction and expand the provisions of § 881 to cover civil cases as well as criminal. The petitioner justifies this extension by pointing out that the language of § 881 is derived from the Federal Rules of Evidence. Federal Rule 706 is the comparable federal provision, and Rule 706 now applies to both civil and criminal cases. Rule 706 is as follows:
 The court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed, and may request the parties to submit nominations. The court may appoint any expert witnesses agreed upon by the parties, and may appoint expert witnesses of its own selection. An expert witness shall not be appointed by the court unless the witness consents to act. A witness so appointed shall be informed of the witness' duties by the court in writing, a copy of which shall be filed with the clerk, or at a conference in which the parties shall have opportunity to participate. A witness so appointed shall advise the CT Page 11208-L parties of the witness' findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.
 Expert witnesses so appointed are entitled to reasonable compensation in whatever sum the court may allow. The compensation thus fixed is payable from funds which may be provided by law in criminal cases and civil actions and proceedings involving just compensation under the fifth amendment. In other civil actions and proceedings the compensation shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs.
 In the exercise of its discretion, the court may authorize disclosure to the jury of the fact that the court appointed the expert witness.
 Nothing in this rule limits the parties in calling expert witnesses of their own selection.
The petitioner is correct in stating that our state rule of practice, as embodied in § 881, derives from the federal rules, but by way of a predecessor to present Rule 706, viz. former Rule 28. When Rule 28 was first adopted, in 1946, it too applied only to criminal cases. Sometime thereafter, Rule 28 was expanded to include civil cases. See Federal Rules of Evidence Rules 1101(b) and 706(b). Connecticut failed to follow suit, and our state rule, § 881, still remains a rule of criminal practice. Given this divergent history and the fact that Rule 706 was expressly amended to apply to civil cases while § 881 was not so amended, the petitioner's argument that § 881 ought to be construed to extend to both criminal and civil cases is unpersuasive.
Practice Book § 881 and Federal Rule 706 are different in another important respect. Originally, Rule 28 only allowed the trial court, sua sponte, to make such an appointment. When Federal Rule 28 was replaced with Rule 706, in 1975, language was added to permit, explicitly, the court to act "on the motion of any party." Until that language was added no such motion by a party
was expressly permissible. Again, Connecticut practice failed to CT Page 11208-M follow the federal lead. Section 881 retains the original language restricting application of the rule to circumstances where the trial court "on [its] own motion" deems appointment necessary.
This difference is no mere formality in the present case. Here, the petitioner attempts to substitute his need to retain a medical expert to assist in proving his case with the court's
supposed need to do so, under § 881, to better understand the issues presented to the court. Assuming, arguendo, that § 881 empowers the habeas court to make such an appointment, the petitioner fails to convince the court of the need to make such an appointment. The petitioner anticipates that the respondent will present expert, medical testimony. The petitioner presumes that these witnesses will distort the true view of the petitioner's physical ailments and needs. At this pretrial stage, the court has no basis for joining the petitioner in this presumption.
The federal cases cited by the petitioner are distinguishable from the present case. As noted above, Rule 706 specifically governs civil cases, while Practice Book § 881 applies only to criminal cases. But the federal cases are distinguishable on other grounds as well.
In McKinney v. Anderson, 924 F.2d 1500 (9th Cir. 1991), reversed on other grounds, 959 F.2d 853 (9th Cir. 1992), the Court of Appeals held that the trial court had the power to appoint an expert in the field of second-hand smoke inhalation consequences, despite the moving party's inability to share in the expense of hiring such an expert. The Court of Appeals opined that, without such appointment, the trial court might hear no expert testimony and be left bereft of scientific evidence in this esoteric area, Id. 1511. In contrast, in the present matter, the parties anticipate that the court will hear medical testimony, albeit from experts about whom the petitioner is suspicious. The court will not speculate that the evidence to be presented at some later date will be inadequate to enlighten the court and enable the court to render an informed decision.
In Students of Cal. School for the Blind v. Honig, 736 F.2d 538
(9th Cir. 1984), vacated as moot, 471 U.S. 114 (1985), the trial court, at the end of the evidence, concluded that the case was undecidable without the benefit of a neutral expert in the area of seismic safety testing because the scientific evidence the court had heard was lengthy and conflicting, Id. 548. This court has no reason to predict that the same equipoise of scientific evidence CT Page 11208-N will arise in the present case.
The court finds that, even if the court has inherent power to utilize the provisions of § 881 in a habeas case, the exercise of the appointment power is unwarranted.
For these reasons, the motion is denied.
Sferrazza, J.