56 F.3d 72
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles Michael MARTIN, Plaintiff-Appellant,
v.
STATE OF ARIZONA DEPARTMENT OF CORRECTIONS, et al.,
Defendants-Apellees.
 No. 94-15378.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 18, 1995.*
Decided May 30, 1995.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Martin, a former Arizona state prisoner, appeals pro se the district court's grant of summary judgment for the defendants in his 42 U.S.C. Sec. 1983 civil rights action. Martin contends that the district court erred by: (1) denying his motions for court-appointed counsel; and (2) finding that he had failed to demonstrate the defendants' deliberate indifference to his safety.
 
 
 3
 * Martin filed his Sec. 1983 civil rights action alleging that the Arizona Department of Corrections ("the ADOC") and the four named defendants - Samuel Lewis, Director, ADOC; John McFarland, Assistant Director, ADOC; John Avenenti, Deputy Warden, Central Unit, State Prison in Florence; and Frank Terry, Chief of Security, State Prison in Florence[1] - violated his Eight Amendment right to be free from cruel and unusual punishment by negligently performing their duties. Martin claims that on June 30, 1987, while he was an inmate at the Arizona State Prison in Florence, Arizona, another inmate attacked and sexually assaulted him. Martin had accompanied the other inmate to a handball court during their allotted time on the exercise field. While behind a wall, which obstructed the view from the guard tower, Martin asserts that the other inmate beat him until he was unconscious, tied his hands, and sodomized him.
 
 
 4
 Martin alleges that the defendants were aware of previous assaults in the prison handball court, yet they failed to assign a guard to that area to prevent further assaults. Martin seeks $500,000 in punitive damages from each of the defendants, for the physical injury, mental and emotional distress, and severe psychological trauma he allegedly sustained as a result of the attack. On January 15, 1988, six months after the alleged attack, the ADOC paroled Martin. Martin is currently serving a sixty-year sentence in Maine for murder. See State v. Martin, 580 A.2d 678, 679 (Me. 1990) (affirming Martin's murder conviction).
 
 
 5
 Martin first moved for appointment of counsel on September 7, 1989, stating that he was unable to prepare his case adequately because he was indigent, uneducated, and incarcerated in Maine. On October 20, 1989, the Magistrate Judge denied this motion. Martin's motion for reconsideration was denied on June 13, 1990. On January 7, 1991, Martin again asked the court to appoint counsel, arguing that his confinement in Maine made it impossible for him to gather evidence, to examine potential witnesses, and to investigate crucial facts. On January 10, 1991, the Magistrate Judge denied the second motion, explaining that Martin's case lacked the "exceptional circumstances" necessary to justify the appointment of counsel in civil cases.
 
 
 6
 On October 30, 1992, the defendants moved for summary judgment, asserting that Martin's claim failed under 42 U.S.C. Sec. 1983, that punitive damages could not be awarded, and that Martin lacked proof of the defendants' "deliberate indifference." In support, the defendants included Martin's deposition, noting that Martin had conceded his lack of proof to support his allegations concerning the defendants' knowledge of previous assaults. The defendants also included Martin's answers to their two sets of non-uniform interrogatories, where Martin failed to explain on what basis he alleged the defendants knew of previous assaults in the handball court.
 
 
 7
 On November 10, 1992, the Magistrate Judge ordered Martin to file a response to the summary judgment motion by December 7, 1992. The Magistrate Judge advised Martin of his burden under Fed. R. Civ. P. 56(e) and informed him that his response must set forth specific facts showing that there is a genuine issue for trial and that he could not rest upon mere allegations or denials of the defendants' pleadings. He also advised Martin that under Rule 11 of the Rules of Practice of the United States District Court for the District of Arizona, an opposing party's failure to serve and file a required answering memorandum may be deemed a consent to the denial or granting of the motion. On February 17, 1993, the Magistrate Judge ordered Martin to show good cause for his failure to respond within twenty days.
 
 
 8
 Rather than respond to the summary judgment motion, on March 11, 1993, Martin filed a third motion for appointment of counsel and an extension of time. Martin claimed that medication prescribed for his depression and hallucinations made it impossible for him to present his case without legal assistance. The Magistrate Judge declined to appoint counsel but allowed Martin an extension until May 17, 1993 to file his response. On May 10, 1993, Martin asserted that he could not respond to the defendants' summary judgment motion without legal assistance because of his psychological disorders.
 
 
 9
 The district court, in granting summary judgment for the defendants, considered Martin's "response" to be merely a reassertion of his request to have appointed counsel. The district court found once again that Martin had demonstrated his ability to prosecute his case and held that his circumstances did not warrant the appointment of counsel. The district court also found that Martin's Sec. 1983 claim for violation of his Eighth Amendment right failed because he did not demonstrate that the defendants had acted with the requisite wantonness or deliberate indifference. Martin timely appeals, and we have jurisdiction under 28 U.S.C. Sec. 1291.
 
 II
 
 10
 Martin contends that he was entitled to court-appointed counsel because he had a colorable claim but lacked the ability to adequately investigate and present his case. We review a trial court's ruling on a motion seeking appointment of counsel for an abuse of discretion. McElyea v. Babbitt, 833 F.2d 196, 199-200 (9th Cir. 1987).
 
 
 11
 There is no constitutional right to appointed counsel in a Sec. 1983 action. Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. Sec. 1915(d). Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). To decide whether these exceptional circumstances exist, a district court must evaluate both "'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."' Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).
 
 
 12
 Martin repeatedly demonstrated adequate pro se capabilities by filing numerous motions and responses. As the district court found, Martin's pursuit of discovery with interrogatories and document requests was comprehensive and focused. Martin filed numerous motions throughout this action, including motions for additional time, motions for reconsideration, motions for court-appointed counsel, a motion to amend his response, and a motion to compel discovery. We note that Martin prevailed in his motion to compel discovery of prison incident reports.
 
 
 13
 In order to demonstrate the likelihood that he would succeed on the merits of his Sec. 1983 claim, Martin needed to show that the defendants actually knew of a substantial risk of serious harm and that they disregarded that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). Martin failed to submit any evidence to prove that the defendants were aware of the risk of harm that could result from the activities on the handball courts.
 
 
 14
 Because Martin did not show a likelihood of success on the merits of his case, and because he repeatedly demonstrated his capability to prosecute his case pro se, the district court did not abuse its discretion in denying Martin's motions for appointment of counsel. See McElyea, 833 F.2d at 199-200; Wilborn, 789 F.2d at 1331; Aldabe, 616 F.2d at 1093.
 
 III
 
 15
 The defendants contend that Martin waived any objection to the district court's decision to grant summary judgment by failing to raise the issue explicitly on appeal. Because Martin is a pro se civil rights plaintiff, we liberally construe his appeal to identify cognizable arguments. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987); see also Feistman v. Commissioner of Internal Revenue, 587 F.2d 941, 942 (9th Cir. 1978). We therefore interpret Martin's contention that the district court should have granted him counsel because he had "a colorable claim but lacked the capacity to present it" and he was "not in a position to adequately investigate the facts of the case" as also challenging the district court's grant of summary judgment for the defendants on his Sec. 1983 claim.
 
 
 16
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990).
 
 
 17
 The district court awarded summary judgment to the defendants because Martin failed to present any evidence to substantiate his claim that the prison officials acted with deliberate indifference under the standard set forth in Wilson v. Seiter, 501 U.S. 294 (1991). The Wilson standard required the district court to inquire whether the officials acted with sufficient culpability in order to determine whether they violated the Eighth Amendment. See McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992), aff'd, 113 S. Ct. 2475 (1993). The district court found that Martin had failed to demonstrate that the defendants acted with a sufficiently culpable state of mind.
 
 
 18
 After the district court ruled in this case, the Supreme Court further defined a plaintiff's burden in arguing a "failure to protect" claim under the Eighth Amendment. In order to succeed, a plaintiff must now provide evidence that the defendants were actually subjectively aware of a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable measures to abate it. See Farmer, 114 S. Ct. at 1984. We apply the Farmer standard to the present case. Miller v. County of Santa Cruz, 39 F.3d 1030, 1035 (9th Cir. 1994).
 
 
 19
 Under the Farmer standard, Martin needs to establish that the prison officials actually knew of a substantial risk of serious harm to prisoners on the handball court. Furthermore, Martin must establish that the officials disregarded this risk by failing to take reasonable measures. See Farmer, 114 S. Ct. at 1984. "Petitioner may establish respondents' awareness by reliance on any relevant evidence." Id.
 
 
 20
 Martin submits no evidence to establish that the prison officials actually knew about illicit activities on the handball court or of any risk of harm to inmates who frequented the handball court. Martin alleges that there was a prior attack on the handball court involving prisoner Joseph Mendez. However, after compelling discovery of a number of prison incident reports, which presumably included a report on the alleged Mendez incident, Martin failed to submit this evidence and consequently failed to substantiate his claim. Martin also failed to demonstrate that any of the defendants were responsible for the construction design of the handball courts which allowed portions of the court to be obscured.
 
 
 21
 Martin alleged that the defendants failed to train guards adequately to be aware of the dangerous areas. We note, however, that the guards had standing orders to patrol all areas of the athletic field, including the handball court, and at the time of the attack, two guards were on duty. Martin also claimed that the defendants should have known of the danger created by the blind spots on the handball courts. However, the record indicates that inmates made every effort to keep the guards from discovering that illicit activities occurred in the hidden corner of the handball court.
 
 
 22
 In sum, Martin has not met his burden under Fed. R. Civ. P. 56(c) of showing that there was a genuine issue of material fact which would preclude summary judgment. Therefore, the district court did not err by granting summary judgment to the defendants. See id. at 1984; Nishimoto, 903 F.2d at 712.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 On September 11, 1989, the district court dismissed the ADOC as a defendant because it is a state agency which cannot be sued in federal court without its consent under the Eleventh Amendment. John McFarland is not a party to this suit because Martin failed to serve him