106 F.3d 408
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MACIEL, Plaintiff-Appellant,
v.
C.T. RANSDELL, individually and as Associate Warden for
Avenal State Prison; P. Ingram, individually and
as Associate Warden for Avenal State
Prison; J.S. Calvert, et al.,
Defendants-Appellees.
 No. 94-17221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 13, 1997.*
Decided Jan. 17, 1997.
 
 Before: LAY,** GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 This suit was brought by a state prisoner, James D. Maciel, against the warden and other correctional officers of the Avenal State Prison in Avenal, California. Maciel sued under 28 U.S.C. § 1983, alleging that he has been denied his constitutional rights by being subjected to involuntary exposure to environmental tobacco smoke (ETS) while incarcerated.
 
 
 3
 The magistrate judge presumably allowed the plaintiff to proceed in forma pauperis under § 1915, but then required Maciel to file an amended petition. Maciel refused to amend his complaint and the magistrate judge recommended dismissal of the claim without prejudice. The district court adopted the recommendation, noting that Maciel's claim is based upon correctional officers failing to enforce an executive order from the governor's office, which does not form the basis of a constitutional claim. The district court also held that Maciel had failed to plead that the defendants possessed a culpable state of mind so as to constitute "punishment" under the Eighth Amendment. The district court relied upon this court's decision in McKinney v. Anderson, 924 F.2d 1500, 1504 (9th Cir.1991), vacated and remanded sub nom. Helling v. McKinney, 502 U.S. 903 (1991), reinstated on remand, 959 F.2d 853 (9th Cir.1992). After this court's later ruling, on remand, the Supreme Court spoke further in Helling v. McKinney, 509 U.S. 25 (1993) (McKinney II ).
 
 
 4
 The prisoner's complaint, although perhaps not artfully drawn, nonetheless is not to be judged as a formal pleading drafted by lawyers and should be dismissed only if no set of facts can be proven that would entitle him to relief. Haines v. Kerner, 404 U.S. 520, 521 (1972); see also Neitzke v. Williams, 490 U.S. 319 (1989).
 
 
 5
 As stated by the Supreme Court in McKinney II, " '[W]e cannot rule at this juncture that it will be impossible for [the prisoner] ... to prove an Eighth Amendment violation based on exposure to ETS." 509 U.S. at 35.
 
 
 6
 We conclude Maciel's complaint should not have been dismissed prior to service of process. We vacate and remand to the district court for further proceedings.
 
 
 7
 Order VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3