Byron J. SWAN, Plaintiff—Appellant,

v.

George SMITH; J. Robles, Program Administrator; R. Emerson; J. Tucker, Senior Librarian; A. Nappi; F.A. Rodriguez, Lieutenant; N.D. Nason, Correctional Officer; L. Echeverria, Asst Warden, Chief Deputy Warden; P. Kenney, Correctional Officer; G. Durham, Correctional Officer; James Gomez; T. Loftin; G.B. Garibay; S.C. Fletcher; L.J. Otoole; Bruce Streeter; D. Mayle; M. Meske; E. Glaster, Defendants—Appellees.

No. 00–17072.

D.C. No. CV–95–05839–OWW.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2002.*

Decided Nov. 6, 2002.

Before BALDOCK,** KLEINFELD, and RAWLINSON, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Bobby R. Baldock, Senior United States Court of Appeals Judge for the Tenth Circuit, sitting by designation.

MEMORANDUM***

In his complaint, plaintiff-appellant Byron Swan asserted three claims. The district court granted summary judgment against Swan on all his claims and he now appeals. We review the grant of summary judgment de novo[1] and affirm.

First, Swan claimed that defendants subjected him to physical force that rose to a constitutional violation under the Eighth Amendment. The use of force against a prisoner violates the Eighth Amendment only where the quantum of force used is more than de minimis in nature.[2] Only where the alleged deprivation is objectively both sufficiently serious and the official has a sufficiently culpable state of mind will an Eighth Amendment violation occur.[3] Here, Swan only claimed soreness resulting from the alleged use of force requiring no medical treatment. As the use of force and injury to Swan was de minimis, no Eighth Amendment violation occurred.

Second, Swan claimed that defendants conducted retaliatory searches of his cell. In the prison context, a cognizable retaliation claim requires a prisoner to allege that the retaliatory action didn't serve a legitimate penological purpose.[4] Although Swan claims that searching his cell was retaliatory, Swan concedes in his deposition that prison officials searched *all* the prisoners's cells following an attack on a guard.[5] A search for evidence of a crime or contraband is for a legitimate penologi-

1. See *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

2. *Id.* at 628.

3. *McKinney v. Anderson,* 959 F.2d 853, 854 (9th Cir.1992).

4. *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994).

5. S.E.R. at 29–34.

cal purpose; summary judgment was appropriate.

Finally, Swan asserts that defendants failed to give him heightened notice of summary judgment as required by *Rand.*[6] Swan's claim is without merit. The record clearly establishes that the defendants provided Swan with notice of their motion of summary judgment, his obligation to respond, and the deadline for a response.[7] This notice was sufficient.

AFFIRMED.

---

**6.** *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998).

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.