[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15334
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-02694-RDP-TMP

TOMMY JAMES GILLENTINE,

Plaintiff-Appellant,

versus

CORRECTIONAL MEDICAL SERVICES,
HOOD,
Dr.,
BARRETT,
Dr.,
JOINER,
Dr.,
MANUEL POUPARINAS,
Dr., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 25, 2014)

Before HULL, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

Tommy James Gillentine, an Alabama prisoner, appeals the district court's grant of summary judgment in favor of Defendants in his 42 U.S.C. §§ 1983 and 1985 action.[1]  After review, we vacate and remand for further proceedings.

Sometime prior to 2002, while awaiting trial in his underlying criminal case, Gillentine was diagnosed with acute hepatitis C, cirrhosis of the liver, and splenomegaly (enlargement of the spleen).  In 2005, he was transferred to Limestone Correctional Facility,[2] where he remains, and placed on the list of "chronic care" patients.

Gillentine claims that his hepatitis C is not being treated at all; rather, only the resulting symptoms are being treated.[3]  Further, Gillentine claims that, without treatment of his hepatitis C, his condition will continue to deteriorate and will likely result in his death.  Gillentine filed this lawsuit, claiming that Defendants violated his Eighth and Fourteenth Amendment rights by failing to treat his hepatitis C.

---

[1]Gillentine proceeded pro se in the district court, but we appointed him counsel on appeal.

[2]Correctional Medical Services, Inc., which is now known as Corizon, Inc., began providing medical services to inmates, like Gillentine, incarcerated at Limestone Correctional Facility on November 1, 2007.  Defendants are all employees of Corizon, Inc.

[3]Specifically, Gillentine's fluid retention, ammonia levels, and blood pressure are being controlled with medication.

Prior to the district court's summary judgment ruling on Gillentine's claims, Gillentine filed a motion for appointment of an expert witness to show that Defendants' care and treatment related to his hepatitis C constituted an actionable claim of deliberate indifference. A magistrate judge denied the motion because "[u]nlike a criminal case, the court has no authority in this civil case to appoint an expert witness or to pay the expenses for the plaintiff to hire one."

On appeal, Gillentine argues that the magistrate judge erred in denying Gillentine's motion for the appointment of an expert medical witness because he believed that he lacked the authority to do so.[4] We agree that, under Rule 706 of the Federal Rules of Evidence, courts have discretionary authority to appoint an expert and that discretion was not exercised here. See Fed. R. Evid. 706.

Rule 706 "provides the [district] court with discretionary power to appoint an expert witness either on the court's own motion or the motion of a party," and this authority is not limited to criminal cases. See Steele v. Shah, 87 F.3d 1266, 1270-71 (11th Cir. 1996) (determining that the district court, by failing to give an

---

[4]We reject Defendants' argument that we lack jurisdiction to review the magistrate judge's order because Gillentine did not mention that order in his notice of appeal. In his notice of appeal, Gillentine indicated that he was appealing from the district court's "Final Order of Dismissal." That was all that was necessary. See Fed. R. App. P. 3(c)(1)(B) (providing that, were a plaintiff seeks review of the entire final judgment a "notice of appeal must . . . designate the judgment, order, or part thereof being appealed"); Barfield v. Brierton, 883 F.2d 923, 930-31 (11th Cir. 1989) (providing that "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment" and determining that this Court had jurisdiction to review the district court's earlier interlocutory rulings).

3

explanation for its denial of indigent plaintiff's motion to appoint an expert witness, had failed to exercise informed discretion, and requiring, on remand, the district court to reconsider the motion and exercise its discretion in accordance with Rule 706). Indeed, Defendants "do not dispute that under Federal Rule of Evidence 706, a district court does have the discretionary power to appoint an expert witness in a civil case."

This Court has not yet addressed the question of "whether, or under what circumstances" a district court may apportion all of the costs of a court-appointed expert to the non-indigent parties in a lawsuit. See Young v. City of Augusta, Ga., 59 F.3d 1160, 1170 (11th Cir. 1995).[5] We decline to decide this question now and instead allow the district court to decide whether it is even necessary to reach this question.

"We emphasize that we do not here offer any opinion on the propriety of appointing an expert witness; we only direct that discretion on the matter be exercised and reflected in a reasoned ruling." Steele, 87 F.3d at 1271.

---

[5]Other circuit courts have addressed this question. See McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.) (concluding that Rule 706 permits a district court to apportion all of the cost to one side in an appropriate case), vacated on other grounds, Helling v. McKinney, 502 U.S. 903, 112 S. Ct. 291 (1991), judgment reinstated, McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992); Webster v. Sowders, 846 F.2d 1032, 1038-39 (6th Cir. 1988) (concluding that the district court "has authority to apportion costs under this rule, including excusing impecunious parties from their share"); U.S. Marshals Serv. v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984) (en banc) (determining that the district court has "discretionary power" to call indigent litigants' "lay and expert witnesses as the court's own witnesses and to order the government as a party to this case to advance their fees and expenses, such advance payment to be later taxed as costs").

For the forgoing reasons, we vacate the judgment and remand for the district court to consider Gillentine's motion for an expert witness, exercising its discretion in accordance with Rule 706.

**VACATED and REMANDED.**