**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELVIN X. SINGLETON, | No. 12-16036 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00095-AWI-GSA |
| v. | |
| S. LOPEZ, Chief Medical Officer; A. YOUSSEF, Physician; M. ALI, Senior Registered Nurse; M. WRIGHT-PEARSON, SRN III; S. QAMAR, Dr.; VASQUEZ, Dr., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted May 13, 2014
San Francisco, California

Before: RIPPLE,[**] SILVERMAN, and GOULD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Kenneth F. Ripple, Senior Circuit Judge for the U.S. Court of Appeals for the Seventh Circuit, sitting by designation.

Kelvin Singleton appeals from the district court's grant of summary judgment to Defendants rejecting his suit that alleged deliberate indifference to his serious medical needs in violation of the Eighth Amendment under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1292. We review a district court's grant of summary judgment *de novo*. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). We affirm in part and reverse in part the grant of summary judgment.

## I

Singleton claims that officials at Kern Valley State Prison were deliberately indifferent to two separate medical conditions during his confinement there from 2006 to 2008. First, he argues that prison officials were deliberately indifferent to his back pain based on (A) their refusal to grant certain accommodations to prison policies and (B) the substantial delay he faced in receiving effective pain treatment. On the first issue, the prison officials testified that the accommodations requested by Singleton – an extra mattress, a lower bunk, and permission not to lie prone during drills – were not medically necessary and could exacerbate Singleton's condition. Although officials at another California state prison had granted some of these accommodations, a difference of opinion on medical treatment is not enough to establish deliberate indifference so long as the care provided was

-2-

medically acceptable. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). We therefore affirm the district court's grant of summary judgment with respect to this part of the claim. However, no reasonable justification was offered for the delay Singleton faced in receiving effective treatment for his back pain. *See McGuckin v. Smith* 954 F.2d 1050, 1059 (9th Cir. 1991) (holding that claims of delayed medical treatment can support deliberate indifference suits). Although some treatment was given, an inadequate response can support a deliberate indifference claim. *Jett v. Penner,* 439 F.3d 1091 (9th Cir. 2006). We reverse the district court's grant of summary judgment on this part of Singleton's first claim.

Second, he argues that the prison officials were deliberately indifferent to the serious medical need presented by his eye pain and swelling. Singleton first had made Defendants aware of his eye pain in the summer and fall of 2006, and requested to see an ophthalmologist. When his request was not granted by the spring of 2007, Singleton filed an emergency appeal. A nurse told Singleton that he would get an appointment with an ophthalmologist if he withdrew his appeal. He did so, but he never received an appointment. When Singleton saw a vision specialist in the fall of 2007, the specialist confirmed that Singleton had suffered vision loss. Based on these allegations, Singleton has stated a claim for deliberate indifference. This is not a case merely of differing medical opinions, but rather, a

case where Singleton has alleged that the prison officials completely ignored evidence of his serious medical need. Even if Singleton is unable to show that his vision loss was caused by the prison official's failure to timely grant his request for an ophthalmologist, the continued pain and suffering caused by the eye swelling could support a suit for deliberate indifference.

## II

Singleton also appeals three pre-trial orders, each of which we review for abuse of discretion. *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 1009 (9th Cir. 2007) (evidentiary rulings); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (appointment of counsel).

First, he argues that the magistrate judge abused his discretion in refusing to admit new evidence, a 2011 prison report in which an ophthalmologist stated that Singleton had "possibly" suffered a stroke. It is not controlling at the summary judgment phase that the evidence was hearsay, so long as the evidence could be presented in an admissible form at trial. Fed. R. Civ. P. 56(c)(2); *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). However, it was not an abuse of discretion for the magistrate judge to conclude that the statements were not relevant to Singleton's claims, given their timing and the lack of certainty in the doctor's statements.

Second, Singleton argues that the magistrate judge erred in denying Singleton's repeated requests for counsel. In cases under 28 U.S.C. § 1915(e)(1), counsel will be appointed only in "exceptional circumstances," which requires consideration of "both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525. The magistrate judge reasonably determined that although Singleton had made serious claims, Singleton was capable of presenting them to the court without an attorney. That decision was logical, plausible, and supported by the record, and thus not an abuse of discretion. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

Finally, Singleton argues that the magistrate judge erred by refusing to consider Singleton's request for a court-appointed expert. The magistrate judge correctly stated that the *in forma pauperis* statute does not authorize the appointment of a court-funded expert. However, the magistrate applied the wrong legal standard, a per se abuse of discretion, *Hinkson*, 585 F.3d at 1262, when it did not consider whether to appoint an expert with costs to be shared by the parties. *See McKinney v. Anderson,* 924 F.2d 1500 (9th Cir. 1991), *cert. granted, judgment vacated sub nom. Helling v. McKinney*, 502 U.S. 903 (1991) *and judgment reinstated*, 959 F.2d 853 (9th Cir. 1992), *aff'd sub nom. Helling v. McKinney,* 509

U.S. 25 (1993). We take no position on the outcome of this analysis, but remand to the district court to consider in the first instance whether Federal Rule of Evidence 706 supports the appointment of an expert in this case. *See McKinney*, 924 F.3d at 1510-11.

### III

We affirm the district court's grant of summary judgment with respect to the denial of accommodations to Singleton's back pain, but reverse the grant of summary judgment with respect to the prison official's delay in providing effective treatment for that pain, and failure to respond to Singleton's eye pain and swelling. We affirm the magistrate judge's denial of appointed counsel as well as the exclusion of additional evidence, and remand for consideration of whether to appoint an expert.

AFFIRMED IN PART, REVERSED IN PART.

Costs on appeal shall be taxed against Appellees. Fed. R. App. P. 39(d)(1).