**Leonard BROWN, Plaintiff–Appellant,**

v.

**L. DIGGS, Correctional Captain; et al., Defendants–Appellees.**

No. 02–16334.

D.C. No. CV–99–00019–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 13, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

California state prisoner Leonard Brown appeals pro se the summary judgment in favor of prison defendants in his 42 U.S.C. § 1983 action alleging denial of due process, deliberate indifference to his safety, and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo summary judgment, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

Contrary to Brown's contention, the district court correctly applied the standard set forth in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Whether or not defendant Hargrove violated state regulations or prison policy in transferring Brown to High Desert State Prison ("HDSP"), the transfer from one prison to another does not give rise to due process rights. *See id.* at 484, 115 S.Ct. 2293 (liberty interests protected by due process limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to ordinary incidents of prison life"); *see, e.g., Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (transfer from one prison to another was "within the normal limits or range of custody which the conviction has authorized the State to impose").

The district court properly granted summary judgment on Brown's deliberate indifference to safety claim because Brown failed to present evidence showing that Hargrove knew that transfer to HDSP posed a substantial risk of serious harm to Brown or, later, that Diggs, Baughman, or Reyes knew that staying at HDSP posed a

---

substantial risk of serious harm to Brown. *See Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

The district court properly granted summary judgment on Brown's retaliation claim against Reyes because Brown presented insufficient evidence of retaliatory intent. *See Crawford–El v. Britton*, 523 U.S. 574, 600, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (at summary judgment, a plaintiff "must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive").

Finally, the district court did not abuse its discretion by denying appointment of counsel because Brown failed to demonstrate exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.