**Andres Ernesto HERNANDEZ, Plaintiff–Appellant,**

v.

**IMMIGRATION AND NATURAL- IZATION SERVICE; et al., Defendants,**

**and**

**VILLACANA, Lieutenant, Defendant–Appellee.**

No. 02–56304.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before: RYMER, KLEINFELD, and FISHER, Circuit Judges.

**MEMORANDUM ***

Andres Ernesto Hernandez appeals pro se the judgment dismissing his civil rights action as time-barred. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision that a claim is barred by the statute of limitations de novo. *Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1175 (9th Cir.2000). We vacate and remand.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Hernandez's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Hernandez filed his initial complaint on September 30, 1999. The action was later dismissed without prejudice because Hernandez failed to comply with court orders. Hernandez then filed a "motion to show cause" requesting that the court reopen the action. He explained that he had been unable to attend court appearances because he was incarcerated. The district court construed the motion as a motion to reopen, and, in an order filed May 2, 2001, granted Hernandez leave to "re-file his complaint in this action." Hernandez filed a "first amended complaint," which was filed under the same case number assigned to his original complaint.

The defendant filed a motion to dismiss arguing that the action was time-barred. In deciding the motion, the district court apparently used the date Hernandez filed his first amended complaint as the initial filing date and concluded that the action was untimely. In the district court's prior order of May 2, 2001 granting leave to re-file a complaint, however, the court appeared to relieve Hernandez from the judgment of dismissal by reopening the action. *See* Fed.R.Civ.P. 60(b). This conclusion is buttressed by the court's continued use of the original case number. Therefore, the initial filing date of September 30, 1999 should have been used in determining timeliness, *see* Fed.R.Civ.P. 15(c)(2), and the action was timely. *See Papa v. United States*, 281 F.3d 1004, 1009 (9th Cir.2002) (*Bivens* claim has one-year statute of limitations under California law).

Hernandez also appeals the denial of his request for appointment of counsel. We affirm the district court's denial of appointment of counsel because Hernandez failed to demonstrate exceptional circumstances.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997).

Appellees shall bear the costs on appeal.

**VACATED and REMANDED.**