Petitioner's challenges to the BIA's use of the streamlining procedure in his asylum case are without merit. *See Garcia–Martinez v. Ashcroft*, 371 F.3d 1066, 1078–79 (9th Cir.2004); *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 854–55 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741, 749–50 (9th Cir.2004), petitioner's motion for a stay of removal included a timely request for a stay of voluntary departure. Because the motion for stay of removal

was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc,* to the filing of the motion for stay of removal, and this stay will expire upon issuance of the court's mandate.

PETITION FOR REVIEW DENIED.

Alan DORENBOS, Plaintiff–Appellant,

v.

Maggie MILLER–STOUT; et al., Defendants–Appellees.

No. 03–35309.

D.C. No. CV–01–00382–AAM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Nov. 1, 2004.

Alan Dorenbos, Yacolt, WA, pro se.

Aileen Miller, Esq., Margaret M. Kennedy, Esq., Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KLEINFELD, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Alan Dorenbos appeals pro se the district court's judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that prison employees denied him access to courts and retaliated against him by confiscating his legal materials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the grant of summary judgment, *Devereaux v. Abbey,* 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), and we affirm.

The district court properly granted summary judgment on Dorenbos's access to courts claim because he failed to raise an issue of material fact as to whether the confiscation of his legal materials caused him to suffer actual injury. *See Lewis v. Casey,* 518 U.S. 343, 351–54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). We are not persuaded by Dorenbos's contention that actual injury should be presumed.

Dorenbos's contention that he should be allowed to amend his complaint is properly a request to file supplemental pleadings. *See* Fed.R.Civ.P. 15(d) (allowing "a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the [original] pleading"). Because Dorenbos did not raise supplementing his complaint with the district court, we decline to address it. *See Devereaux,* 263 F.3d at 1077.

To the extent Dorenbos contends that the district court erred in denying his request for appointment of counsel, we conclude that the district court did not abuse its discretion in doing so. *See Rand v.* *Rowland,* 113 F.3d 1520, 1525 (9th Cir. 1997).

Dorenbos's motions filed August 20, 2003 and November 12, 2003 are denied.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

