**Mark A. MILLER, Plaintiff—Appellant,**

v.

**E.K. MCDANIEL, Defendant—Appellee.**

No. 03–16605.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 14, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark A. Miller, Ely, NV, pro se.

Julie Slabaugh, DAG, Office of the Nevada Attorney General, Carson City, NV, for Defendant–Appellee.

Before: BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM **

Mark A. Miller, a Nevada state prisoner, appeals pro se the district court's summary judgment in favor of E.K. McDaniel, Warden of Ely State Prison. Miller sought injunctive relief in this 42 U.S.C. § 1983 action, alleging that his Fourteenth Amendment right to informational privacy and his Eighth Amendment right to be free from cruel and unusual punishment were violated when he received mental health consultations at his cell door. We have jurisdiction under 28 U.S.C. § 1291. We review summary judgment de novo. *Oliver v. Keller*, 289 F.3d 623, 626 (9th Cir.2002). We affirm in part and reverse in part.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The record shows that Miller often received mental health consultations at his cell door, complained frequently to his mental health providers about the lack of privacy during cell door consultations, and filed grievances about his inability to obtain private consultations. Warden McDaniel, however, declared that "every unit has an exam room and Mr. Miller could have requested to see the mental health provider in private." A triable issue therefore exists as to whether the prison officials should be enjoined from conducting mental health consultations with Miller at his cell door. *See Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir.2003). We therefore reverse summary judgment on Miller's Fourteenth Amendment claim.

The district court properly granted summary judgment on Miller's Eighth Amendment claim because Miller did not show a "serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Miller also did not show that as a result of the lack of privacy during cell door consultations the mental health treatment was compromised so that he received "further significant injury or the unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc).

The district court did not abuse its discretion by dismissing Miller's state statutory claims because the relevant Nevada statutes establish a physician-patient privilege, not a private right of action. *See* Nev.Rev.Stat. 49.215, 49.225; *Ashokan v. State Dep't of Ins.*, 109 Nev. 662, 856 P.2d 244, 248 (1993).

The district court did not abuse its discretion by denying appointment of counsel because Miller successfully demonstrated his "ability ... to articulate his claims pro se" and therefore failed to show the requisite "exceptional circumstances." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997), *withdrawn on other grounds by Rand v. Rowland*, 154 F.3d 952, 953 n. 1 (9th Cir.1998) (en banc).

Miller's remaining contentions are without merit.

The parties shall bear their own costs on appeal.

AFFIRMED in part, REVERSED in part and REMANDED;.