Pietro D. BENCIVENGA, Plaintiff–Appellant,

v.

Alberto GONZALES, Attorney General of the United States,* Defendant–Appellee.

No. 04–15085.

D.C. No. CV–01–00441–RGS.

United States Court of Appeals, Ninth Circuit.

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 23, 2005.**

Decided April 13, 2005.

Pietro D. Bencivenga, Queen Creek, AZ, pro se.

John Robert Mayfield, USPX–Office of The U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Pietro D. Bencivenga appeals pro se the district court's summary judgment in favor

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

of defendants in his employment discrimination action alleging violations of Title VII. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of a motion for summary judgment de novo, *Vasquez v. County of L.A.*, 349 F.3d 634, 639 (9th Cir.2003), and the denial of a motion to reconsider for abuse of discretion, *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000). We affirm.

 The district court properly concluded that Bencivenga did not establish a prima facie case of race discrimination because he demonstrated neither adverse employment action nor disparate treatment in the fact that, after being hired, he was required to provide medical documentation regarding his skin condition. *See Kortan v. California Youth Authority*, 217 F.3d 1104, 1113 (9th Cir.2000).

The district court also properly concluded that Bencivenga failed to establish that he was terminated based on gender, as he failed the required Spanish course in officer training, a condition of continued employment. *See id.* (requiring a plaintiff alleging employment discrimination to demonstrate that he was adequately performing his job). Even if Bencivenga could establish a prima facie case of gender discrimination, he failed to raise a genuine issue of material fact as to whether defendant's proffered reason for the employment decision was pretextual, as the evidence shows that female employees were also terminated after failing the required Spanish course. *See Collings v. Longview Fibre Co.*, 63 F.3d 828, 834 (9th Cir.1995) (holding that plaintiffs did not establish pretext where they were not

treated differently from other employees who engaged in similar conduct).

The district court did not abuse its discretion in denying Bencivenga's motion for reconsideration because Bencivenga did not establish that there was new evidence, clear legal error, or an intervening change in controlling law. *See Kona Enterprises*, 229 F.3d at 890. It was also not an abuse of discretion for the district court to deny Bencivenga's motions for appointment of counsel as he failed to demonstrate exceptional circumstances. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997).

Appellant's remaining contentions are unpersuasive.

AFFIRMED.