Donald C. BACHMAN, Plaintiff—Appellant,

v.

J KUHN; et al., Defendants—Appellees.

No. 04–17499.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.[*]

Decided Feb. 22, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

246

Donald Bachman, Corcoran, CA, pro se.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM [**]

California state prisoner Donald C. Bachman appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was assaulted by a correctional officer and that the prison disciplinary proceeding related to the incident was unfair. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for failure to state a claim under the screening provisions of 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm in part, vacate in part, and remand.

Bachman's due process claim challenged the propriety of a disciplinary proceeding that resulted in the loss of 360 days of good-time credit. The district court properly dismissed this claim because Bachman did not allege that this punishment had been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 644, 646–48, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (holding that a due process claim challenging disciplinary proceeding that necessarily implies the invalidity of the deprivation of good-time credits is not cognizable under section 1983).

The district court erred by dismissing, on screening, Bachman's Eighth Amendment excessive force claim as barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Smith v. City of Hemet*, 394 F.3d 689, 695–99 (9th Cir.2005) (en banc) (recognizing that a plaintiff's excessive force claim may not be barred by *Heck* where plaintiff has been convicted of resisting an officer). Accordingly, we vacate the order dismissing Bachman's Eighth Amendment claim and remand for further proceedings on this claim.

The district court did not abuse its discretion by denying appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997).

All pending motions are denied.

**AFFIRMED in part, VACATED in part, and REMANDED**

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.