**Benjamin D. AGUSTIN, Plaintiff–Appellant,**

v.

**COUNTY OF ALAMEDA, et al., Defendants–Appellees.**

No. 06–15323.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 11, 2007.

Benjamin D. Agustin, Hayward, CA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert D. Reiter, Esq., Office of County Counsel County of Alameda, Richard E. Winnie, Esq., Alameda County Counsel, Oakland, CA, for Defendants–Appellees.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Benjamin D. Agustin appeals pro se from the district court's sua sponte order of dismissal based on *Younger* abstention. *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review a district court's decision to abstain de novo, *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001) (en banc), *overruled in part on other grounds, Gilbertson v. Albright*, 381 F.3d 965, 976–78 (9th Cir. 2004) (en banc). We may affirm on any basis supported by the record even if the district court did not rely on that basis. *See United States v. State of Wash.*, 969 F.2d 752, 755 (9th Cir.1992). We affirm.

The district court did not err when it dismissed the case under the *Younger* abstention doctrine. *See Gilbertson*, 381 F.3d at 978 (setting forth *Younger* abstention doctrine requirements). The County of Alameda's state court action against Agustin to collect child support payments is ongoing, the state court proceedings implicate important state interests, and the state court proceedings provide Agustin an adequate opportunity to litigate federal claims. *See id.* Further, the district court did not err when it dismissed, rather than

stayed, the case because Agustin's damages claims are plainly frivolous. *See id.* at 982 n. 18.

The district court did not abuse its discretion when it denied Agustin's motion to appoint counsel because he failed to show a likelihood of success on the merits. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997).

The district court did not abuse its discretion when it denied Agustin's request for leave to file a second amended complaint because Agustin did not have standing to allege a claim against Joanne Manuel, *see Buono v. Norton*, 371 F.3d 543, 546 (9th Cir.2004), and amendment would therefore be futile, *see United States ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051 (9th Cir.2001).

Agustin's remaining contentions are without merit.

Agustin's request for judicial notice of the pending state court action is granted.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.