**Ricardo CAPELLO, Plaintiff—Appellant,**

**v.**

**Mark SELING; et al., Defendants—Appellees.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Darnell Otis McGary, Plaintiff—
Appellant,

v.

Mark Seling; et al., Defendants—
Appellees.

Nos. 06–35175, 06–35650.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2009.

Filed April 3, 2009.

Tyler Alexander Baker, Esquire, Henry Zazueta Carbajal, III, Todd Richard Gregorian, Fenwick & West LLP, Mountain View, CA, for Plaintiff–Appellant.

Donna J. Hamilton, Esquire, William M. Van Hook, Esquire, Assistant Attorney General, Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Darnell Otis McGary, Steilacoom, WA, pro se.

Before: W. FLETCHER, GOULD and TALLMAN, Circuit Judges.

## MEMORANDUM *

Ricardo Capello and Darnell McGary, who are detained at the Washington State Special Commitment Center ("SCC"), appeal the district court's summary judgment against them on their *pro se* claims against SCC officials under 42 U.S.C. § 1983. They also appeal the district court's denial of their motions for appointed counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ Capello and McGary have not demonstrated the "exceptional circumstances" necessary for the appointment of counsel. *Agyeman v. Corrections Corp. of America,* 390 F.3d 1101, 1103 (9th Cir.2004). The magistrate judge determined that Appellants had demonstrated an adequate ability to articulate their claims pro se and that exceptional circumstances were not present. Although the district court chose to rely on an alternate ground, the magistrate judge's decision "provide[d] an adequate explanation of its reasons such that its decision may be reviewed by us on appeal." *Solis v. County of Los Angeles,* 514 F.3d 946, 958 (9th Cir.2008). The record supports the magistrate judge's determination. Appellants adequately articulated their claims without counsel. They conducted extensive discovery, and their court papers show an understanding of the relevant legal issues and an ability to cite case law and apply it to their claims. Appellants have not demonstrated a probability of success on the merits. Although Appellants argue that they might have had more success with appointed counsel, that is "not the test" for deciding if counsel is warranted because "any pro se litigant certainly would be better served with the assistance of counsel." *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997) (*partially overruled en banc on other grounds,* 154 F.3d 952, 954 n.1 (9th Cir. 1998)).

■ The district court correctly granted summary judgment to Appellees on the claims specific to McGary. The decision by SCC officials to treat McGary for paraphilia did not deprive McGary of a "realistic opportunity to be cured and released" or "a realistic opportunity to ... improve the mental condition for which [he was] confined." *Sharp v. Weston,* 233 F.3d 1166, 1172 (9th Cir.2000). McGary has not shown that SCC officials are constitutionally prevented from treating additional relevant conditions that affect a person already committed as a sexually violent predator. Also, McGary's excessive force claim is barred by the statute of limitations, and he is not eligible for tolling because he has not shown that his mental illness made him "incompetent or disabled to such a degree" that he could not "understand the nature of the proceedings." Wash. Rev.Code § 4.16.190(1). Finally, we dismiss McGary's motion to supplement the record as moot because even if granted it would not alter our decision.

■ The district court also properly granted summary judgment for Appellees on the claims specific to Capello. The record indicates that SCC officials had a

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

reasonable, non-retaliatory reason for placing Capello in Alder West, a high-maintenance housing unit. Capello had said that he would never participate in treatment and displayed hostility and anger while at SCC. Even if Capello's behavior did not warrant official discipline, his constant complaints about and hostility toward the SCC treatment program likely would have had a negative impact on the treatment environment for others. Alder West was designed to house such residents, and SCC officials were justified in using their professional judgment to conclude Capello should be assigned to that housing unit. A decision based on professional judgment is "presumptively valid," *Sharp*, 233 F.3d at 1171, and Capello's scant evidence supporting his claim that he was retaliated against for his litigation activities is insufficient to overcome this presumption and defeat summary judgment. Summary judgment was also proper on Capello's claim that he was punished for refusing treatment because Capello has provided only speculation that his decision to refuse treatment motivated SCC officials to place him in Alder West in violation of his constitutional rights.

Capello has alleged no other intent to punish by SCC officials. The conditions of Alder West bore a reasonable relation to the SCC's purpose of treating and detaining committed sexually violent predators or precommitment detainees. *See Seling v. Young*, 531 U.S. 250, 265, 121 S.Ct. 727, 148 L.Ed.2d 734 (2001). Accordingly, the district court correctly granted Appellees summary judgment on Capello's disciplinary segregation claim. *See Bell v. Wolfish*, 441 U.S. 520, 538–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ("Absent a showing of an expressed intent to punish on the part

of detention facility officials . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' ").

**AFFIRMED.**