**James GARRETT, Plaintiff—Appellant,**

v.

**RICCI, Defendant—Appellee,**

and

**California Department of Corrections, Defendant.**

No. 07–15886.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 16, 2009.*

Filed July 6, 2009.

James Garrett, Susanville, CA, pro se.

Constance L. Picciano, Esq., Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

California state prisoner James Garrett appeals pro se from a district court judgment in favor of defendant Ricci, following a jury trial in his 42 U.S.C. § 1983 action alleging that Ricci violated his Eighth Amendment rights by assigning him to an upper bunk against the advice of medical staff. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court did not abuse its discretion by denying Garrett's motion for appointment of counsel because Garrett failed to show exceptional circumstances. *See Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997).

The district court did not clearly err in rejecting Garrett's contention of racial discrimination during jury selection because Garrett presented no supporting evidence beyond his observation that the venire had no African–Americans. *See Batson v. Kentucky,* 476 U.S. 79, 85, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) ("[A] defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.' ");

*see also Johnson v. Campbell,* 92 F.3d 951, 953 (9th Cir.1996) (reviewing for clear error).

Garrett also presented no evidence to support his contention that one of the jurors was biased against him. In fact, when the juror's potential bias was addressed during selection, Garrett told the district judge that he did not "have any problem" with the juror. Thus, the district court did not abuse its discretion by not excusing the juror. *See Image Technical Servs. v. Eastman Kodak Co.,* 125 F.3d 1195, 1220 (9th Cir.1997) ("We recognize the district court's broad discretion on matters concerning juror bias and review such challenges for an abuse of discretion.").

Garrett has not shown that the district court was biased or that it abused its discretion in deciding which exhibits to send to the jury. *See Larson v. Palmateer,* 515 F.3d 1057, 1067 (9th Cir.2008) (explaining that "[i]n the absence of any evidence of some extrajudicial source of bias or partiality, neither adverse rulings nor impatient remarks are generally sufficient to overcome the presumption of judicial integrity"); *Tritchler v. County of Lake,* 358 F.3d 1150, 1155 (9th Cir.2004) (reviewing evidentiary rulings for abuse of discretion).

Garrett's remaining contentions are unpersuasive.

Ricci's motion for judicial notice is granted.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.