**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT LEE JENKINS, | No. 10-16935 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01223-DLB |
| v. | |
| PERRY, Jr.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted January 12, 2015
San Francisco, California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

California state prisoner Robert Lee Jenkins appeals from the district court

judgment against him in his action against correctional officer Defendants Perry,

Bradford, and Chalabian for an alleged violation of his Eighth Amendment rights.

Jenkins challenges the district court's denial of his motion to appoint counsel under

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

28 U.S.C. § 1915(e)(1) and the district court's denial of his writ of habeas corpus ad testificandum to have incarcerated witnesses brought to testify at his trial. We have jurisdiction under 28 U.S.C. § 1291, and reviewing for abuse of discretion, *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014) (denial of motion to appoint counsel), *United States v. Smith*, 924 F.2d 889, 896 (9th Cir. 1991) (denial of writ of habeas corpus ad testificandum), we affirm.

The district court was within its discretion in denying Jenkins's motion to appoint counsel under 28 U.S.C. § 1915(e)(1) because the evidence before the district court at the time of the motion indicated that Jenkins was unlikely to succeed. Even if Jenkins was assumed to have a likelihood of success on the merits he still could not demonstrate exceptional circumstances because he was able to articulate his claims in light of the minimal complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *partially withdrawn on other grounds on reh'g en banc*, 154 F.3d 952, 954 n.1 (9th Cir. 1998).

The district court was also within its discretion in denying Jenkins's writ of habeas corpus ad testificandum because the district court appropriately considered whether the prisoners' presence would substantially further the resolution of the case in ordering Jenkins to provide details on how the prisoners' testimony would

be relevant. Jenkins never fully satisfied this requirement. *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Wiggins v. Cnty. of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

**AFFIRMED.**