**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEREMY JOHN BRAULICK, | No. 20-35278 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00122-JTJ |
| v. | |
| CORRECTIONS CORPORATION OF AMERICA; JENNIE DIDIER, | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| MIKE BATISTA; CONNIE WINNER; SARAH PHIPPS; DOUGLAS FENDER, Warden; ACEL THACKER; HEATHER SAND; KYLE NASREEN; CHRISTOPHER ROST; JOSEPH BERDECIA; JOSEPH BERDECIA; MARTHA DOBBINS-ODEGARD; WILLIAM PEARSON; STEPHEN GLEIM; TRISTAN KOHUT; PAUL REES; LANCE GRIFFIN; BRIAN ROBINSON; REGINALD MICHAEL; LORAINE WODNIK; CINDY HINER; SANDY JACKE; MICHAEL FLETCHER, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Montana

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

John T. Johnston, Magistrate Judge, Presiding

Argued and Submitted March 8, 2022
Portland, Oregon

Before: GRABER, BEA, and VANDYKE, Circuit Judges.

Jeremy Braulick, appearing *pro se*, brought a First Amendment retaliation claim against Nurse Jennie Didier which he lost at a jury trial, and a *Monell* claim against Corrections Corporation of America ("CCA") which he lost at summary judgment. Represented by pro bono counsel, Braulick appeals on three grounds: (1) the district court erred when it denied his motion for appointment of counsel, (2) the district court erred when it instructed him not to object during closing arguments at trial, and (3) the district court erred when it granted summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1.     **Appointment of Counsel**

We review a district court's refusal to appoint counsel in a civil case for abuse of discretion. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The district court may appoint counsel only upon a showing of "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d. 965, 970 (9th Cir. 2009). Exceptional circumstances do not exist if the *pro se* litigant is able to "articulate his claims . . . in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotation marks omitted), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The district court did not abuse its discretion when it

2

concluded that Braulick was able to articulate his claims, relying on the quality of his detailed pleadings and the simplicity of his case.

**2.     The Closing Argument Instruction**

A trial court's decision to limit objections during closing arguments is reviewed for abuse of discretion. *United States v. Patel*, 762 F.2d 784, 794-95 (9th Cir. 1985). It was an abuse of discretion for the district court to instruct Braulick that he was not permitted to object at all during closing arguments because contemporaneous objections are the method by which litigants preserve error for appeal. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). But the error was harmless, as the argument to which Braulick claims he would have objected was a short, isolated comment he refuted on rebuttal.

**3.     The *Monell* Claim**

To establish *Monell* liability, a plaintiff must show that the defendant had a policy of deliberate indifference to the plaintiff's constitutional rights. *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005). Braulick pointed to three unrelated occurrences over the course of his three-year incarceration during which he missed doses of his thyroid medication. But these "isolated or sporadic" incidents do not amount to a policy of deliberate indifference. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). Reviewing de novo, *Gordon v. County of Orange*, 6 F.4th 961, 967 (9th Cir. 2021), summary judgment was proper.

**AFFIRMED**.