**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID SCOTT PEASLEY, | No. 20-16695 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-03498-LHK |
| v. | |
| KATHERINE RIPPBERGER, LVN, San Quentin State Prison, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted July 6, 2022**
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

David Peasley appeals from the district court's prescreening order dismissing his excessive force claim against nurse Katherine Rippberger, from the district court's summary judgment in favor of Rippberger on Peasley's deliberate

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference and first amendment retaliation claims, and from the district court's orders denying his various discovery requests, entering a stay of discovery, and denying his motion for appointment of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Here, the district court properly dismissed Peasley's excessive force claim against Rippberger because Rippberger applied no physical force to Peasley. *See Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003) (stating that an excessive force claim requires "the need for application of force"), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992).

We review for an abuse of discretion a district court's rulings concerning discovery. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). Here, the district court did not abuse its discretion in denying Peasley's various discovery requests or in entering a temporary stay of discovery because Peasley did not attempt to meet and confer with Rippberger, Peasley did not diligently pursue discovery and appeared to be misusing the discovery process, and Peasley's discovery requests were not necessary for resolving the opposing motions for summary judgment.

We review de novo a district court's ruling on cross-motions for summary judgment. *Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 970

2

(9th Cir. 2011). Here, the district court properly granted summary judgment in favor of Rippberger on Peasley's deliberate indifference claim because Peasley failed to establish that Rippberger was aware of the failure to administer Peasley's lunchtime insulin, that Rippberger was aware that Peasley needed a corrective dose of insulin in the afternoon, or that Rippberger acted below the standard of care once she learned of Peasley's need for insulin. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (stating that a claim for deliberate indifference under the eighth amendment requires that a prison official "knows of and disregards an excessive risk to inmate health and safety").

The district court also properly granted summary judgment in favor of Rippberger on Peasley's first amendment retaliation claim because Peasley failed to establish that Rippberger took any "adverse action" against Peasley or that any potential adverse action was "because of" Peasley's planned testimony against the California Department of Corrections and Rehabilitation. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (holding that a first amendment retaliation claim requires "[a]n assertion that a state actor took some adverse action against an inmate" and that the adverse action was "because of" protected conduct).

We review for an abuse of discretion a district court's denial of a motion to appoint counsel for an indigent civil litigant. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Here, the district court did not abuse its discretion in denying

3

Peasley's motion to appoint counsel because Peasley failed to show that "exceptional circumstances" justified the appointment of counsel. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (stating that a district court has the discretion to appoint counsel for indigent litigants pursuant to 28 U.S.C. § 1915(d) in "exceptional circumstances").

We do not consider arguments raised for the first time on appeal. *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007).

**AFFIRMED.**