Sylvester James MAHONE,
Plaintiff–Appellant,

v.

Richard MORGAN; et al.,
Defendants–Appellees.

No. 04–35109.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.*

Decided June 22, 2005.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

Sylvester James Mahone, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging prison officials violated his constitutional rights by placing him in modified conditions of confinement. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir.1998). We review for abuse of discretion the district court's denial of Mahone's motions for class certification, leave to amend, discovery orders and for appointment of counsel. *Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir.2003) (class certification); *Rand v. Rowland,* 113 F.3d 1520, 1525 (9th Cir.1997) (appointment of counsel); *Blackburn v. United States,* 100 F.3d 1426, 1436 (9th Cir.1996) (discovery orders); *Zivkovic v. So. Calif. Edison* Co., 302 F.3d 1080, 1086 (9th Cir. 2002) (leave to amend). We affirm.

The district court properly granted summary judgment on Mahone's access to the courts claim because Mahone did not allege actual injury. *See Lewis v. Casey,* 518 U.S. 343, 357, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court properly granted summary judgment on Mahone's claims arising from being placed on cell restrictions because neither inconvenience nor *de minimis* injuries implicates the Eighth Amendment. *See Anderson v. County of Kern,*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

45 F.3d 1310, 1314–15 (9th Cir.1995); *Oliver v. Keller,* 289 F.3d 623, 627 (9th Cir. 2002). Moreover, prison officials articulated a legitimate penological interest in placing Mahone on cell restrictions because he had threatened prison staff members and had been hoarding weapons. *See Turner v. Safely,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995) (holding that prisoners have no protected liberty interest in their classification status, including choice of housing).

The district court properly granted summary judgment on Mahone's claims regarding hygiene items because he failed to administratively exhaust those claims. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12, (2002) (holding that the PLRA's exhaustion requirement applies to all inmate suits about prison life).

The district court did not abuse its discretion in denying class certification because Mahone's claims did not satisfy the numerosity and typicality requirements of Fed.R.Civ.P. 23(a), nor did the purported plaintiffs show that they could adequately protect the interests of the class.

The district court did not abuse its discretion in denying Mahone appointed counsel. *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986) (citation omitted) (holding that counsel may be appointed under 28 U.S.C. § 1915(d) only "in exceptional circumstances").

The district court did not abuse its discretion in denying Mahone's discovery requests because they were either moot or Mahone did not demonstrate how the desired discovery would have prevented sum-

mary judgment. *See Qualls v. Blue Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir. 1994).

The district court did not abuse its discretion in denying Mahone leave to amend his complaint because the claim he sought to include had not been administratively exhausted, so amendment would have been futile. *See* 42 U.S.C. § 1997e.

We decline to consider issues raised for the first time on appeal. *See Barcamerica Int'l, USA Trust v. Tyfield Imps., Inc.,* 289 F.3d 589, 595 n. 6 (9th Cir.2002).

Mahone's remaining contentions lack merit.

AFFIRMED.