**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2011

MOLLY C. DWYER, CI
U.S. COURT OF APPE

| | |
|---|---|
| DELANO LARTEL WRIGHT, | No. 07-55988 |
| Plaintiff - Appellant, | D.C. No. CV-04-01873-IEG |
| v. | |
| DIRECTOR OF CORRECTIONS; K. GRADY, Correctional Sergeant; J. M. GUZMAN, Correctional Officer; J. HAWKES, Correctional Officer; GASGOHIA, Correctional Officer; R. DAVIS, Correctional Lieutenant; R. JOHNSON, Correctional Sergeant, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted May 11, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and GERTNER, District Judge.[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Nancy Gertner, United States District Judge for the District of Massachusetts, sitting by designation.

Prison inmate Delano Lartel Wright ("Wright") sued various correctional officers at Calipatria State Prison ("Calipatria") pursuant to 42 U.S.C. § 1983, alleging that they violated his rights under the Eighth Amendment by employing excessive force against him and failing to protect him from such force, as well as his rights under the First Amendment by retaliating against him for filing a prison grievance. Proceeding *pro se*, Wright alleged in his handwritten complaint that, after he raised concerns about the improper manner in which correctional officers were searching his cell, one of the defendants, Sergeant K. Grady ("Grady"), forced Wright, handcuffed and wearing nothing other than his underpants, into the yard and then strangled him, all the while slamming Wright's head against a wall. Wright further alleged that other correctional officers—Defendants Officer Gasgonia ("Gasgonia"), Officer J. M. Guzman ("Guzman"), and Officer H. Hawkes ("Hawkes")—were present while Wright was being abused but failed to intervene on his behalf.

Wright filed a grievance and soon thereafter was summoned to speak with Defendants Lieutenant Davis ("Davis") and Sergeant R. Johnson ("Johnson"). Davis and Johnson allegedly threatened to put Wright in administrative segregation (commonly known as solitary confinement or "The Hole") and confiscate his personal property unless he recanted. A few weeks later, Wright was transferred to

a higher security prison. Wright claims that the transfer was in retaliation for pursuing his grievance against the officers.

The district court denied Wright's request for the appointment of counsel and later granted Defendants' motion for summary judgment, dismissing all of Wright's claims. We now reverse with respect to the appointment of counsel, the Eighth Amendment claims, and the First Amendment claims insofar as they deal with the alleged threat to put Wright in solitary confinement and confiscate his personal property unless he recanted.

## I. Eighth Amendment Claims

The district court dismissed Wright's Eighth Amendment claims for excessive force and failure to protect him based on what it characterized as the lack of evidence of any physical injury. It did not consider whether the force that Grady and other officers applied was required by the circumstances. As both sides now agree, in so holding, the district court applied the wrong legal standard. *See Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010).

Defendants "concede that a triable issue of fact exists concerning Wright's claim that Defendant Grady used excessive force against him by choking him and that Defendants Gasgonia, Guzman, and Hawkes failed to intervene to stop this use of force." Red Br. 1-2. We agree and remand for a jury determination of Wright's

Eighth Amendment claims under the *Wilkins* standard.

## II.     First Amendment Retaliation Claims

Prisoners have a First Amendment right to file prison grievances. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003).  Retaliation against prisoners for their exercise of this right is itself a constitutional violation, prohibited as a matter of "clearly established law." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).  In *Rhodes v. Robinson*, we set forth the five elements of a "viable claim of First Amendment retaliation" in the prison context:  "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  408 F.3d 559, 567–68 (9th Cir. 2005).

Wright's claims identify two different occasions when Defendants allegedly violated his First Amendment rights:  when Johnson and Davis threatened to place Wright in "The Hole" and take away his personal property—which would require him to re-purchase those items—unless he withdrew his grievance,[1] and when

---

[1] In his deposition, Wright admitted that only Davis threatened him. *See* SER 82. However, Johnson was in the room with Davis and, apparently, did not convey disagreement with Davis' statements.

Wright was transferred to a higher-security facility supposedly as punishment for pursuing the grievance.

**A.    No Waiver**

As a preliminary matter, Defendants assert that Wright abandoned his First Amendment claims by failing to oppose the First Amendment arguments raised in Defendants' motion for summary judgment.  We disagree.  In the Argument section of his summary judgment reply brief, Wright chronicled what happened when he filed a grievance, noting that "Lieutenant Davis used intimidating tactics of saying that plaintiff and inmate Weathers would be placed in administrative segregation out of sight from the general population unless plaintiff and inmate Weathers recanted statements of excessive force."  SER 242.  Affording Wright's brief the liberal construction owed to the pleadings of a *pro se* inmate, we read Wright's response as an opposition to both the First Amendment and Eighth Amendment aspects of Defendant's motion for summary judgment.  *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (affirming that "courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly").  Accordingly, Wright has not waived his First Amendment claims.

**B.    Davis/Johnson Threat**

-5-

The district court neglected to address the Davis/Johnson threat prong of Wright's First Amendment claims. As such, we remand for the district court to consider this issue in the first instance.

**C.     Transfer Claim was Properly Dismissed**

With respect to Wright's allegation of a retaliatory transfer, the district court properly found for the Defendants. As Wright himself concedes, his transfer claim is based completely on circumstantial inferences of retaliation—inferences from the timing of his transfer, from statements by unnamed officials that his psychological status did not require him to have been transferred, and from the allegation that Davis and Johnson had previously threatened to punish him if he refused to recant. The timing, however, is off; Wright was transferred two months after he filed his grievance and stayed at High Desert for over a year. Furthermore, Wright has not identified any particular Defendant who may have been even remotely involved in the classification committee's decision to transfer him. Nor has he undermined the prison's purported rationale for classifying him with psychiatric needs that Calipatria could not accommodate. In other words, as the district court found, Wright "has failed to produce evidence sufficient to show that any of the named Defendants acted in the absence of a legitimate penological goal." SER 299.

In contrast, Defendants have submitted direct evidence to rebut Wright's inferences. Defendants testified that they had no involvement in transferring Wright to High Desert State Prison, that transfers occur only if a "classification committee" recommends it, and that none of the Defendants were on the classification committee that recommended Wright's transfer. Under the circumstances, the district court properly granted summary judgment on Wright's retaliatory transfer claim.

## III. Appointment of Counsel

Wright claims that the district court abused its discretion by denying his request for the appointment of counsel pursuant to 28 U.S.C. § 1915. In the instant case, the district court recited the correct standard but failed to apply it. While there is no constitutional right to appointed counsel in civil-rights cases, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), in exceptional circumstances, the court may request counsel to voluntarily provide representation, 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel pursuant to 28 U.S.C. § 1915, the district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) ("Neither

of these factors is dispositive and both must be viewed together before reaching a decision.") (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (concerning appointment of counsel for a habeas petitioner) (citing *Maclin v. Freake*, 650 F.2d 885, 887–88 (7th Cir. 1981)). In denying Plaintiff's motion, the district court ignored the likelihood of success factor, deciding only that Wright "does appear to have a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the factual basis of his case." AER 15.

Under the correct legal standard, Wright is entitled to the appointment of counsel. Moreover, since we are reversing the district court's grant of summary judgment on Wright's excessive force claim, there will be a trial, which would surely tax Wright's abilities.

## IV. Conclusion

The district court's denial of Wright's request for the appointment of counsel is **REVERSED**, and its grant of summary judgment is **REVERSED IN PART** and **AFFIRMED IN PART**. This case is **REMANDED**.

Each party bears its own costs.