**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2014

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TOY TERRELL SMITH, | No. 12-16134 |
| Plaintiff - Appellant, | D.C. No. 4:10-cv-03684-SBA |
| v. | |
| K. CRUSE; D. MELTON; N. NAVARRO, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted May 15, 2014
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Plaintiff Toy Smith appeals the district court's grant of summary judgment in favor of defendants K. Cruse, D. Melton, and N. Navarro on Smith's claims under 42 U.S.C. § 1983. Smith also appeals the district court's denial of his request for appointment of counsel. Finally, Smith appeals the district court's failure to rule on his negligence claim against Cruse and Melton under California law. We affirm in part, reverse in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We affirm the district court's grant of summary judgment to Cruse, Melton, and Navarro on Smith's § 1983 claims. Summary judgment was proper on Smith's Eighth Amendment claim against Cruse and Melton because the conclusory allegations in Smith's verified complaint are not sufficient to create a genuine dispute of material fact on whether Cruse or Melton actually knew that Smith's enemy was being transferred into Smith's facility. *See Estate of Ford v. Ramirez-Palmer*, 301 F.3d 1043, 1052 (9th Cir. 2002) ("[N]egligence, or failure to avoid a significant risk that should be perceived but wasn't, 'cannot be condemned as the infliction of punishment.'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994))). The district court did not "abuse its discretion in granting . . . summary judgment without permitting further discovery" because Smith "failed to request further discovery." *Bosley Med. Inst., Inc. v. Kremer*, 403 F.3d 672, 678 (9th Cir. 2005).

Summary judgment was proper on Smith's Fourteenth Amendment procedural due process claim against Navarro because Smith had no liberty interest in the outcome of the disciplinary proceedings, *see Sandin v. Conner*, 515 U.S. 472, 487 (1995), and because "some evidence" supported the misconduct finding, *Burnsworth v. Gunderson*, 179 F.3d 771, 772 (9th Cir. 1999) (quoting *Superintendent v. Hill*, 472 U.S. 445, 457 (1985)). We note that Smith brought

only a procedural due process claim against Navarro, not a claim for retaliation. *See Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997).

The district court did not abuse its discretion in finding that there were no "exceptional circumstances" requiring the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984)). Smith did not show the "requisite likelihood of success" on his claims. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). Smith's filings, which were "generally articulate and organized," demonstrated a sufficient ability to articulate his claims in light of the complexity of the case. *Id.*

The district court did not address Smith's negligence claim against Cruse and Melton in either its summary judgment order or its screening order under 28 U.S.C. § 1915A. Therefore, we reverse and remand only for the district court to rule on Smith's negligence claim. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). We otherwise affirm. Each side shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**